IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-08-591-C |
| | ) | |
| FREDDY VARGAS MODESTO, and all others similarly situated, | ) ) | |
| | ) | |
| Defendant/Petitioner(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WHETSEL, Sheriff for Oklahoma County, | ) ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

This matter came on for hearing on Petitioner's petition for a writ of habeas corpus on June 16, 2008. As an initial matter, the Court finds that the requirements of Fed. R. Civ. P. 24(a)(2) are met, and as there are no objections, the United States of American shall be permitted to intervene as a defendant in this case.

Regarding Petitioner's request for habeas relief, the Court finds no grounds for habeas relief, and the petition is denied. Petitioner posted bond on June 2, 2008. (See Pet'r's Mot., Dkt. No. 1 Ex. 2, at 2; United States' Resp., Dkt. No. 13, at 2, Ex. 2.) On April 7, 2008, and on June 3, 2008, federal detainers were placed upon Petitioner which were proper under the applicable regulations, see 8 C.F.R. § 287.7(a), (d), and on June 3, 2008, a federal arrest warrant also was issued and executed. (See United States' Resp. at 1-2, Exs 3, 4, 6.) Both

the later detainer and the federal arrest warrant were properly issued and served within the 48-hour period following Petitioner's posting of bond on June 2, 2008. (See id. at 2, Exs. 4, 6.) Further, Petitioner presently is in federal custody pursuant to the arrest warrant issued and executed on June 3, 2008. Even supposing that there was any time period during which Petitioner was unlawfully held, Petitioner would not be entitled to federal habeas corpus relief, as he was being held lawfully in federal custody at the time he filed his motion and continues to be so held. See Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, . . . the only issue before us is whether [Petitioner]'s detention is illegal today."); cf. Parkhurst v. Wyoming, 641 F.2d 775, 776-77 (10th Cir. 1981) (noting that a claim alleging past violations and seeking a remedy other than release from confinement was not cognizable in a habeas corpus claim).

## CONCLUSION

As announced in open court on June 16, 2008, the motion to intervene of the United States of America (Dkt. No. 12) is GRANTED. Petitioner's request for a writ of habeas corpus (Dkt. No. 1 Ex. 2) is DENIED.

IT IS SO ORDERED this 17th day of June, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge